UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
JOSE CAMBISACA,

                       Plaintiff,          CIVIL ACTION NO.:

    -against-

SGT JOHN ARNOLD

                     Defendant
———————————————————————X

## COMPLAINT IN A CIVIL ACTION

Plaintiff by and through his undersigned attorneys as for his complaint alleges as follows:

### JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURY TRIAL DEMANDED

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### VENUE

4. Venue properly lies in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### COUNT I: MALICIOUS PROSECUTION AND DUE PROCESS VIOLATIONS UNDER 42 USC § 1983

5. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

6. At all relevant times, plaintiff Jose Cambisaca (hereinafter "Plaintiff") is and was a citizen of State of New York and the County of Westchester.

7. At all relevant times, Defendant Sgt. John Arnold (hereinafter "Arnold") is and was a citizen of State of New York and the County of Westchester.

8. At all relevant times, Defendant Arnold is and was a duly sworn police officer employed by the Village of Rye Brook and was acting within the course and scope of his employment.

9. At all relevant times, Defendant Arnold is and was a Sgt., and supervisor employed by the Village of Rye Brook and was acting within the course and scope of his employment.

10. At all relevant times, Defendant Arnold was acting under the color of law.

11. On March 14, 2014, at approximately 6:00 p.m., a motor vehicle accident occurred at the intersection of South Ridge Street and Ellendale Ave., in the village of Rye Brook, in which a jeep hit a vehicle and then hit a stationary object.

12. The driver of the jeep and a passenger, initially fled the scene on foot, leaving the vehicle at the location, however, the passenger of the vehicle returned to the scene and was cooperative with the police officers who responded to the scene.

13. The driver of the vehicle which hit by the jeep had a minimal opportunity to view the driver of the jeep and could only observe that he was a Hispanic male who was wearing a blue vest and a jacket with lettering on the back.

14. On March 14, 2014, at approximately 6:00 p.m., Arnold was the supervisor assigned to the desk, and was in overall charge of the investigation into the aforesaid "hit and run" accident.

15. On March 14, 2014, at approximately 6:00 p.m., Arnold received calls and transmissions from various officers investigating the accident and upon information and belief was in overall charge of documenting information received from the investigating officers.

16. Upon information and belief, a passenger who was in the aforesaid vehicle, was located and returned to the scene with the officers, who initially responded to the radio dispatch, all of whom were dispatched by Arnold.

17. Upon information and belief, an officer from the Port Chester Police Department, named Officer Rubin, responded to the scene of the aforesaid accident and interviewed the passenger of the aforesaid Jeep, who only spoke Spanish.

18. Upon information and belief, Officer Rubin was bilingual and was fluent in Spanish.

19. On March 14, 2014, at approximately 6:30 p.m., Officer Rubin interviewed the passenger in the aforesaid jeep, and said passenger provided the name of the driver who fled to be Manuel Albarracin.

20. Upon information and belief Arnold performed a police database search and identified the address of Manuel Albarracin.

21. Arnold at all times relevant was obligated to prepare a full and complete record of the information that he became aware of, which pertained to the aforesaid investigation.

22. Upon information and belief, Arnold spoke with witnesses who provided a description of the driver of the jeep, and advised that he was wearing a vest or a dark hoodie and jacket with lettering on the back of the jacket.

23. At the time of the accident, Plaintiff was consuming alcohol in his home and went to a liquor store to purchase additional alcohol.

24. Shortly before 7:00 p.m., Plaintiff purchased a bottle of vodka at a local liquor store and began drinking same as he was walking home.

25. On March 14, 2014, at approximately 7:00 p.m., Plaintiff became unconscious at the vicinity of Westchester Avenue and Haseco Ave in Port Chester, New York, which was about three quarters of a mile from where the aforementioned accident had occurred.

26. At the time that Plaintiff became unconscious, he was not wearing a dark colored hoodie or a vest and was wearing a football jacket which did not have any lettering on the back of the jacket.

27. On March 14, 2014, at approximately 7:00 p.m., Officers employed by Ryebrook, including Officers Rampolla and/or Ruhe responded to the intersection of Westchester Avenue and Haseco Ave in Port Chester, New York as did the other operator who was involved in the accident.

28. On March 14, 2014, at approximately 7:00 p.m., Arnold decided that Plaintiff was the perpetrator of the hit and run, and directed officers Ruhe and Rampolla to arrest the Plaintiff.

29. Through information provided to Arnold by officers Ruhe and Rampolla, Arnold learned that the Plaintiff's identification which showed that he was not Manuel Albarracin, and had a different address than was provided by the passenger of the jeep, nevertheless, based upon the misidentification of the operator of the vehicle which was struck by the jeep, officers Ruhe and/or Rampolla arrested and charged, at Arnold's direction, the Plaintiff with various crimes related to the aforesaid accident.

30. At all times relevant herein, Plaintiff was not the driver of the jeep and was not involved in the aforesaid accident at all.

31. On March 14, 2014 and continuing through September 30, 2016, Arnold intentionally suppressed, failed to document and withheld from the District Attorney's office, information that the passenger of the vehicle had identified Manuel Albarracin, as the perpetrator and further suppressed, failed to document Manuel Albarracin's address and failed to document, suppressed and withheld that there were material differences between the description of the perpetrator information from the District Attorney's office.

32. On or about March 14, 2016, Arnold signed a various investigative reports related to the investigation, and Plaintiff's prosecution and in doing so, approved of said reports as accurate and complete.

33. Upon information and belief, at the time that Arnold signed off on the aforesaid investigative reports, he knew that said reports did not document that Manuel Albarracin had been identified as the driver of the jeep or that there were material differences in the description of the perpetrator and the Plaintiff's appearance.

34. Arnold, at all times relevant knew that the paperwork, which he signed off on, including but not limited to blotter entries would be forwarded to the prosecutor's office.

35. Arnold, at all times relevant knew that the prosecutor's office was relying upon Arnold to provide and forward a true and complete investigation file, which made a full and complete disclosure of the circumstances.

36. Upon information and belief, a business card linking Manuel Albarracin to the jeep, which was recovered from the Jeep and data including an E Justice search confirming Manuel Albarracin's identity, pedigree information and address, were in Arnold's

possession and in the possession of the case folder, but were not forwarded to the district attorney's office.

37. At all times relevant, the aforesaid evidence, including the fact that the passenger of the jeep had identified Manuel Albarracin, as the driver of the jeep, the fact that a business card identifying Manuel Albarracin;s business was recovered from the Jeep, and the discrepancies between the initial descriptions of the perpetrator and the Plaintiff were all exculpatory, (Hereinafter "the exculpatory evidence").

38. By and through the foregoing suppression of the exculpatory evidence, Arnold initiated a prosecution against the Plaintiff for Driving While Intoxicated in violation of V.T.L. 1192(3), and Leaving the Scene of An Accident with Injuries, in violation of V.T.L. § 600.(2)(a).

39. On March 15, 2014, Plaintiff was arraigned on the charges and bail was set in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00).

40. Plaintiff was unable to post the aforesaid bail and as a result, remained incarcerated at the Westchester County Jail from March 15, 2014 through October 29, 2014, at which time he was released on his own recognizance, after have served almost the maximum sentence which could be imposed for the crimes with which he was charged, after accounting for good time credits, all the while steadfastly maintaining his innocence.

41. Arnold continuously suppressed and withheld the exculpatory evidence, from the prosecutor, throughout the time when the Plaintiff remained incarcerated.

42. The exculpatory evidence at all times relevant herein vitiated probable cause to believe that the Plaintiff was the driver and Arnold had a Brady, Rosario and Kyles duty to record and disclose same to the prosecutor.

43. Defendant Arnold with knowledge that the prosecutor was relying upon his veracity and to provide a full and complete statement of the facts, to determine whether to initiate and continue the prosecution, forwarded the aforesaid police documents which failed to document the aforesaid exculpatory evidence which vitiated probable cause to believe that the Plaintiff was the operator of the jeep.

44. At all times relevant herein, there was no probable cause to believe that Plaintiff had operated the aforesaid vehicle or otherwise committed any of the crimes with which he was charged.

45. Defendant Arnold initiated and continued the prosecution by the suppression of exculpatory evidence and forwarding police paperwork which failed to make a full and complete disclosure of the facts and exculpatory information known to him.

46. Defendants Arnold, developed a myopic focus on the Plaintiff, to the exclusion of all over evidence and suspects and further failed to conduct or order that a follow up interview of the passenger of the jeep, whose information was known to them or otherwise investigate whether Manuel Alvarracin, whose address was known to him was in fact the driver of the jeep, and further failed to advise the prosecutor of the aforesaid information.

47. Defendant Arnold after initiating the prosecution, continued the prosecution by withholding and failing to disclose to the prosecutor the exculpatory evidence in that among other things he created police paperwork and reports, which withheld material information in that they identified Plaintiff as the perpetrator, without identifying that the passenger in the vehicle identified someone other than the Plaintiff as the driver, and signed off reports prepared by other officers as complete, which he knew omitted the

exculpatory evidence and forwarded the aforesaid statement/reports with the falsified and/or incomplete information to the prosecutor with knowledge of its falsity and/or incompleteness.

48. At all times relevant herein, there was no probable cause to believe that the prosecution against the Plaintiff could succeed and any semblance of probable cause was vitiated by the aforesaid exculpatory information which was suppressed.

49. The aforementioned misconduct and failure to make a full and complete disclosure of the facts prevented the prosecutor from exercising independent judgment until the point when the false information was discovered, which upon information and belief, occurred after the Plaintiff was released from incarceration.

50. As more fully set forth herein, defendant was directly and actively involved in the continuation of criminal proceedings against plaintiff.

51. By suppressing exculpatory evidence and by failing to make a full and complete disclosure of facts known by him to the prosecutor, Arnold continued the prosecution against the Plaintiff.

52. Defendant Arnold failed to advise the prosecutor or otherwise document facts which would have vitiated probable cause.

53. By and through the foregoing defendant Arnold breached his Brady, Kyles and Rosario duties to Plaintiff.

54. Defendant Arnold withheld and suppressed the aforesaid evidence, which was exculpatory to cause Plaintiff to be prosecuted and incarcerated unjustly for the aforesaid crimes, despite his knowledge that the Plaintiff was not the perpetrator and were willfully blind to the exculpatory evidence.

55. At all times mentioned, herein defendant acted with malice in initiating and continuing the criminal proceedings against plaintiff.

56. The aforementioned actions were done by Defendants with Malice and to frame Plaintiff for crimes which he did not commit and to deny him the rights and privileges guaranteed by the U.S. Constitution and the Constitution of the State of New York.

57. Defendant Arnold continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding his knowledge that said proceedings would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. On September 30, 2016, the Plaintiff was acquitted of all charges, following a jury trial and all of the charges were dismissed and resolved in the Plaintiff's favor.

59. Defendant's actions violated the Plaintiff's civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the right not to be unreasonably seized, the right to a fair trial, right not to be prosecuted through the suppression of exculpatory evidence, the right not be arrested and imprisoned without probable case, the right of confrontation, and defendants further Maliciously prosecuted Plaintiff, denied him his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

60. Defendants' actions violated clearly established rights.

61. Defendants' action shocks the conscience.

62. No reasonable officer in the position of the defendant would have believed the actions of the defendants herein was objectively reasonable.

63. As a direct and proximate result of the foregoing acts committed by the defendant, the Plaintiff was deprived of his liberty and he was unjustly and excessively incarcerated, and was forced to endure the harassment, humiliations, hardships and inhumanities associated with prison life all of which was exclusively caused by the prosecution complained of herein.

64. Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, emotional and mental suffering as a result of his unlawful prosecution and incarceration, was forced to incur substantial attorneys' fees in connection with his defense.

65. Defendants are jointly and severally liable for the damages sought herein.

66. Arnold, at all times relevant herein, was a supervisor, who had a duty to intervene, if he had knowledge that his subordinate officers engaged in conduct that violated the Plaintiff's rights.

67. Arnold, at all times relevant herein, as a supervisor, was aware that subordinate officers were failing to identify and document exculpatory evidence and were suppressing same and failed to intervene.

### COUNT II: FALSE IMPRISONMENT AND EXCESSIVE DETENTION UNDER 42 USC 1983

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

69. By and through the foregoing, Defendant caused Plaintiff to be incarcerated and confined without probable cause and without justification or privilege.

70. That Defendants' actions violated Plaintiff's rights under the U.S. Constitution as well as the Constitution of the State of New York.

71. The aforementioned actions of the Defendants proximately caused Plaintiffs damages and injuries complained of herein.

72. The aforesaid acts of concealment and failure to make a full and complete statement of the differences in clothing which Plaintiff wore and the clothing which the perpetrator was originally described as wearing, and that the passenger of the jeep identified another individual as the driver of the jeep, caused Plaintiff to be held on bail, to suffer excessive incarceration and detention in violation of his rights not to be subjected to prolonged detention.

73. The aforesaid acts of concealment and failure to make a full and complete statement of the facts as to the existence of the exculpatory evidence caused the prosecution to continue, caused Plaintiff to suffer incarceration and detention in violation of his rights.

74. At all times relevant Plaintiff had a right to be free from continued detention stemming from Defendant's concealment of exculpatory evidence and continued misrepresentation of fact and Defendants' actions violated that right.

75. Defendants' actions shocks the conscience.

76. Defendants' actions violated Plaintiff's rights under the Fourteenth and Fourth Amendments of the United States Constitution.

## COUNT III PUNITIVE DAMAGES

77. Plaintiff repeats and realleges each and every one of the foregoing allegations with the same force and effect as if fully set forth herein at length.

78. The foregoing acts were done recklessly, intentionally, wantonly and with gross indifference to the rights of plaintiff, thereby entitling him to punitive and exemplary damages.

## COUNT IV: ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988

79. Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

80. The foregoing events constitute violations of plaintiff's statutory and constitutional rights, thereby entitling him to attorneys fees, costs and disbursements as permitted by 28 U.S.C. § 1988.

WHEREFORE, plaintiff requests judgment against defendants in an amount to be determined by the jury for nominal damages, compensatory damages, punitive and exemplary damages, attorneys fees, together with costs and disbursements, including interest on the judgment commencing from the date of injury.

Dated: White Plains, N.Y.
       October 27, 2017

                Yours etc.,

                LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

                BY: _____
                      Michael H. Joseph, Esq.
                      203 East Post Road
                      White Plains, New York 10601
                      Tel: (914) 574-8330
                      Fax: (914) 358-5379